IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL ACTION NO. H-08-806 |
| v. | § | CIVIL ACTION NO. H-12-0559 |
| | § | |
| ABEL ALFONSO AREVALO | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a *pro se* motion filed by the Defendant, Abel Alfonso Arevalo,[1] to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Docket Entry No. 57.) The Government filed a motion to dismiss. (Docket Entry No. 63.) Defendant has not filed a response to the Government's motion to dismiss.

Based on careful consideration of the section 2255 motion, the motion to dismiss, the record, and the applicable law, the Court **GRANTS** the motion to dismiss and **DENIES** the motion for relief under section 2255.

**I. Background and Claims**

Defendant pleaded guilty without a plea agreement to one count of being an alien unlawfully found in the United States after deportation, having previously been convicted of a felony, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). The Court sentenced him to 70 months in the custody of the Bureau of Prisons and three years of supervised release. The

---

[1] Also known as Alexander Eli Arevalo, also known as Abel Arevalo, also known as Abel Alfonso Arevaldo, also known as Abel A. Arevalo, also known as Ableabel Alfonso Arevalo, and also known as Alexander Arevalo.

Fifth Circuit Court of Appeals affirmed the conviction and sentence on direct appeal. (Docket Entries No. 55–56.)

In his section 2255 motion, Defendant complains of ineffective assistance of counsel in the following two particulars:

1. Trial counsel failed to argue at sentencing for a downward variance based on Defendant's drug addiction as a mitigating role; his overstated criminal history; his need for drug rehabilitation; his abuse as a child; his assimilation into American culture, and totality of circumstances.

2. Trial counsel failed to argue that Defendant's sentence was unreasonable due to inconsistent availability of early disposition/fast track programs.

The Government correctly argues that these claims are unsupported in, and refuted by, the record in this case.

## II. Analysis

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A criminal defendant's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To assert a successful ineffectiveness claim, a defendant must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance. *Id.* at 687. The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

2

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a defendant must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland*, 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). In that regard, unreliability or unfairness does not result if the ineffectiveness does not deprive the defendant of any substantive or procedural right to which he is entitled. *Id.*

In his affidavit submitted by the Government in support of the motion to dismiss, Defendant's trial counsel testifies as follows:

3

I represented Abel Afonso Arevalo in criminal case no. 08-806 at the trial court level for both the re-arraignment and sentencing hearings. In response to the Pre-Sentence Report (PSR), I did not file any objections to the actual guideline calculations themselves as they were done correctly based on Mr. Arevalo's prior criminal record and the present conviction. However, in paragraph II and its subsections, I requested a sentence below the guideline range as set forth in this affidavit.

I addressed Mr. Arevalo's prior drug addiction as a mitigating factor in paragraphs II(4) and II(S) of the objections as well as his prior history of depression, paragraph II(2) of the objections. I also brought this fact to the court's attention during the sentencing hearing.

I brought to the court's attention to Mr. Arevalo's overstated criminal history in paragraph 11(4) of the objections. I also brought this to the court's attention during the sentencing hearing at least four times, arguing at one point that the guideline range was 'extremely high.' I also brought to the court's attention that most of his prior convictions were for minor drug offenses, paragraph 11(4) of the Defendant's objections. I argued to the court that many of the convictions took place when Mr. Arevalo was much younger. I also addressed Mr. Arevalo's need for drug rehabilitation and that he would not be able to take advantage of any drug rehabilitation programs while in prison because he was not a citizen, paragraph 11(4) of Mr. Arevalo's objections.

I brought to the court's attention Mr. Arevalo's childhood problems in detail in paragraph 11(2) of the objections.

I also addressed Mr. Arevalo's cultural assimilation in detail in paragraph 11(2) of the objections.

I addressed the fact that Mr. Arevalo had a credible fear of returning to his native country in paragraph 11(3) of the objections.

I also argued [that] the totality of circumstances pursuant to 18 USC § J553(a) in paragraph 11(5) of the objections required a sentence below the guideline range. Additionally, I argued that the sentence should take into account the harshness that deportation would have on Mr. Arevalo after he served his sentence.

4

> I also requested the court to reduce Mr. Arevalo's sentence by the amount of time he had already served in the custody of immigration. The court, however, stated that Mr. Arevalo's sentence was at the bottom of the guideline range for that reason.
>
> I did not request a reduction based on the fast track program as that program at the time was not widely used in the Southern District of Texas. The fast track program is also dependant on the government filing a motion for the reduction. Additionally it is generally used for defendants with minimal criminal history and not for individuals with 11 criminal history points and a criminal history guideline category of V, or with a prior conviction for an aggravated felony. Therefore, I did not deem this argument appropriate. I thought that the numerous requests for a departure that were filed were sufficient. I felt the court seriously considered the factors put forth because the court took a recess in the middle of the sentencing hearing before pronouncing sentence.
>
> In my opinion the court took great consideration in imposing the sentence in Mr. Arevalo's case. During the sentencing hearing, the judge recessed the court and retired to his chambers for about ten minutes with a representative of the U.S. Probation Office. The Judge then returned and imposed the seventy month sentence. In my 15 plus years of representing criminal defendants in federal court as a CJA panel attorney, I have never before or since witnessed a judge recess the court to consider the appropriate sentence before pronouncing the sentence. For this reason, I believed there was a sufficient basis for the Judge to impose the sentence that he did.

(Docket Entry No. 63, Affidavit.)

A review of the sentencing hearing transcript in this case and the written objections filed by Defendant through counsel fully support counsel's affidavit testimony, and refute the unsupported claims raised by Defendant in the section 2255 motion. Defendant fails to meet his burden of proof under *Strickland*, in that he establishes neither deficient performance nor prejudice under the record before this Court. He further fails to rebut the

5

strong presumption that counsel's strategy regarding sentencing as set forth in counsel's affidavit was the product of counsel's reasonable professional judgment and constituted a reasonable strategy under the facts of this case.

Defendant fails to establish that he received ineffective assistance of counsel at sentencing, and his motion for relief under section 2255 is without merit.

### III. Conclusion

The Government's motion to dismiss (Docket Entry No. 63) is **GRANTED**, and Defendant's motion for relief under section 2255 (Docket Entry No. 57) is **DENIED**. A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on this the 9th day of July, 2012.

KEITH R. ELLISON
UNITED STATES DISTRICT JUDGE